IN THE CIRCUIT COURT OF
THE SECOND JUDICIAL
CIRCUIT, IN AND FOR
GADSDEN COUNTY, FLORIDA

ANNIE ELIZABETH WILLIFORD,

     Plaintiff,

v.

**CASE NO. 06-60-CAA**

MORRIS YOUNG, in his official capacity as
Sheriff of Gadsden County, Florida; and
ROBERT WILDER, individually and in his
official capacity as Deputy Sheriff of Gadsden
County, Florida,

     Defendants.

_____/

## NOTICE OF REMOVAL

To:  Marie A. Mattox
     Marie A. Mattox, P.A.,
     310 East Bradford Road
     Tallahassee, Florida 32303

     Clerk of the Circuit Court, Gadsden County
     Second Judicial Circuit
     Post Office Box 1649
     Quincy, Florida 32351

PLEASE TAKE NOTICE that Defendant, on this _6_ day of March 2006, filed

in the United States District Court for the Northern District of Florida, a Petition for

Removal in the proceeding entitled, ANNIE ELIZABETH WILLIFORD V. MORRIS

YOUNG AND ROBERT WILDER, presently pending in the Circuit Court of the Second

Judicial Circuit in and for Gadsden County, Florida.

In accordance with 28 U.S.C. §1446(d), the filing of this Notice of Removal

"shall effect the removal and the State court shall proceed no further . . . "

2006 MAR -8  PM 2: 23

FILED

Further, this Removal is made with full reservation of all rights of Petitioner for Removal and copies of the Notice of Removal and Petition for Removal are hereby served upon you herewith.

Respectfully submitted on this ___6___ day of March 2006.

KEITH C. TISCHLER
Florida Bar No. 0334081
JOLLY & PETERSON, P.A.
Post Office Box 37400
Tallahassee, Florida 32315
Tel:   (850) 422-0282
Fax:   (850) 422-1913
kct@jollylaw.com

**Attorney for Defendant Sheriff**

S/ Timothy M. Warner
TIMOTHY M. WARNER
Florida Bar No. 0642363
P. O. Box 1820
519 Grace Avenue
Panama City, FL 32402
Tel.:   (850) 784-7772
Fax:   (850) 784-7756
timwarner@warnerlaw.us

**Attorney for Defendant Wilder**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered by:   ___X___ U.S. Mail _____ Facsimile _____ Express Mail _____ Hand Delivery to Marie A. Mattox, MARIE A. MATTOX, P.A., 310 East Bradford Road, Tallahassee, Florida 32303 this ___6___ day of March 2006.

KEITH C. TISCHLER

2

EV 2 E 2004 - 450

FEB - 9 2006

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR GADSDEN COUNTY, FLORIDA

ANNIE ELIZABETH WILLIFORD,

Plaintiff,

Case No. 06~~600009~~

060000CAA

vs.

MORRIS YOUNG, in his official capacity as
Sheriff of Gadsden County, Florida; and
ROBERT WILDER, individually and in his
official capacity as Deputy Sheriff of Gadsden
County, Florida,

Defendants.

_____/

# Summons

ROBERT I. WOOTEN ID #052   JAKE LORD ID #067
CERTIFIED PROCESS SERVER
SECOND JUDICIAL CIRCUIT COURT OF FLORIDA
DATE SERVED 2-9-06 TIME 11:50 AM

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition
in this action on Defendant:

**MORRIS YOUNG, in his official capacity as Sheriff of Gadsden County, Florida**
**339 East Jefferson Street**
**Quincy, FL 32351**

Each defendant is required to serve written defenses to the complaint or petition on **Marie
A. Mattox, P. A.**, Plaintiff's attorney, whose address is **310 East Bradford Road, Tallahassee, FL**
**32303**, within 20 days after service of this summons on that defendant, exclusive of the day of
service, and to file the original of the defenses with the clerk of this court, either before serve on
plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered
against that defendant for the relief demanded in the complaint or petition.

DATED on ___Jan. 20___, 2006.

**NICHOLAS THOMAS**

CLERK OF THE CIRCUIT COURT

By: _Betty Sue Sadberry_
Deputy Clerk

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR GADSDEN COUNTY, FLORIDA

ANNIE ELIZABETH WILLIFORD,

CASE NO. _OC-60 CAA_
FLA BAR NO. 0739685

⁙    Plaintiff,

MORRIS YOUNG, in his official
capacity as Sheriff of Gadsden County, Florida;
and ROBERT WILDER, individually and
in his official capacity as Deputy Sheriff of
Gadsden County, Florida,

Defendants.

_____/

## COMPLAINT

Plaintiff, ANNIE ELIZABETH WILLIFORD, hereby sues Defendants MORRIS

YOUNG, in his official capacity as Sheriff of Gadsden County, Florida, and ROBERT

WILDER, individually and in his official capacity as Deputy Sheriff of Gadsden County,

Florida, and says as follows:

### JURISDICTION

1.    This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00).

2.    As to the state law counts, notice of the Claim was served in compliance with

§768.28, Florida Statutes and all other conditions precedent have been fulfilled.

3.    Plaintiff ANNIE ELIZABETH WILLIFORD is a citizen of the United States and

a resident of the State of Florida. Plaintiff was a resident of the state of Florida, at all times

material hereto.

1

4.      Defendant MORRIS YOUNG is the successor in interest to the former Sheriff of
Gadsden County, W.A. WOODHAM. At all times pertinent hereto, the Sheriff of Gadsden
County, Florida was the ultimate policymaker for the Office of Sheriff employees and it
employed and/or commissioned Robert Wilder as a Deputy Sheriff. Defendant Thomas is
referred to herein as Defendant SHERIFF.

5.      Defendant, ROBERT WILDER was at all times relevant hereto, an employee of
the Sheriff of Gadsden County, Florida. Defendant WILDER was the Sheriff's authorized deputy
on behalf of the county and Sheriff for deputies working for the county. At all times material
hereto, Defendants were acting within the course and scope of their employment.

## GENERAL ALLEGATIONS

6.      Plaintiff re-alleges the allegations of paragraphs 1-5 above, incorporates those
allegations herein, and further alleges as follows:

7.      Plaintiff WILLIFORD was at the time relevant to this complaint under the control
of Defendant WILDER of the Gadsden County Sheriff's Office which is commanded by the
Sheriff of Gadsden County.

8.      Late in the evening on June 27, 2004, Plaintiff WILLIFORD was waiting at the
Beaver Lake Burger King for a friend to give her a ride back to her home in Lamont, Florida. At
that time and place, Plaintiff was sitting on the road side curb outside the Burger King waiting
for her ride when Deputy Brian Faison confronted her and asked for her identification and
business being in the parking lot.

9.      Plaintiff WILLIFORD complied with Deputy Faison's request for identification
and allowed him to search her purse. Deputy Faison concluded that Plaintiff WILLIFORD was
not wanted.

2

10. As Plaintiff WILLIFORD was talking with Deputy Faison, Defendant Sergeant Robert WILDER arrived at the scene. Defendant WILDER and Plaintiff WILLIFORD realized they knew each other from an encounter at the Nuggett Store in Gadsden County approximately a year before.

11. Defendant WILDER attempted to use his cellular phone to call Plaintiff WILLIFORD's ride but was not successful. After waiting with her for approximately fifteen minutes, Defendant WILDER offered to give Plaintiff WILLIFORD a ride to another location in Gadsden County and she accepted a ride to the Flying J Truck Stop.

12. Plaintiff WILLIFORD was instructed by Defendant WILDER to sit in the rear of the vehicle and she complied. Once in the back seat, WILLIFORD took a sip of rum from a bottle in her purse and Defendant WILDER told Plaintiff "If you want to be naughty, get naked and drink." WILDER then repeated this statement to Plaintiff which she understood to be a command.

13. Plaintiff WILLIFORD was separated from Defendant WILDER by glass and metal divider with a window in the opening of the glass.

14. Plaintiff WILLIFORD felt intimidated and thus complied and removed her clothes at which time Defendant WILDER began to shine his flashlight at her saying "Let me see."

15. Defendant WILDER then reached through the opening in the vehicle cage and thrust his finger into Plaintiff WILLIFORD's vagina. Because of the force and position of WILDER'S hand coming through the glass window from the front seat, Plaintiff WILLIFORD was forced to place her feet in the rear seat of the vehicle and thrust her crotch forward in order to comply with Defendant WILDER's command to allow access her vagina.

3

16.     Defehdant WILDER kept his finger in Plaintiff WILLIFORD's vagina until she complained that her legs were tired and she could no longer hold herself up to the window. Plaintiff at no time consented to being touched by WILDER.

17.     On June 28, 2004, Plaintiff reported the incident to the Jefferson County Sheriff's Office and then to Defendant SHERIFF, who took no effective action to discipline or otherwise restrain Defendant WILDER. In failing to take effective action, the Sheriff indicated a deliberate disregard for the safety and well-being of Plaintiff WILLIFORD or any other young woman who might fall under Defendant WILDER's control. Specifically, SHERIFF failed to implement procedures for safe transportation of citizens vulnerable to sexual abuse and failed to implement or promulgate policies for training, reporting, or discipline relating to sexual aggression.

18.     The policies of Defendant SHERIFF contributed to the sexual assault of Plaintiff WILLIFORD by failure to enact policies that held law enforcement officers accountable for their actions, by failing to require officers to report and document movements of transportees, and by failing to enact and enforce policies that respond to complaints of sexual assault made by a citizen.

19.     Plaintiff has retained the undersigned to represent her interests in this case and is obligated to pay her a reasonable fee for her services. Defendants should be made to pay any fees and costs incurred by Plaintiff under 42 U.S.C. §1988.

## COUNT I: EXCESSIVE FORCE (FOURTH AMENDMENT)

20.     Plaintiff re-alleges paragraphs 1-19 above, incorporates those allegations in this Count, and further alleges as follows:

4

21.     Defendant WILDER committed sexual assault against Plaintiff ANNIE
ELIZABETH WILLIFORD on June 28, 2004, without consent or lawful authority, commanding
her to remove her clothing and groping her vagina in violation of the Fourth and Fourteenth
Amendments.

22.     Defendant WILDER committed battery against Plaintiff ANNIE ELIZABETH
WILLIFORD on or about June 28, 2004, without consent or lawful authority, by fondling her
vagina in violation of the Fourth and Fourteenth Amendments.

23.     Defendant WILDER intended to cause this harmful and offensive contact with
Plaintiff ANNIE ELIZABETH WILLIFORD in that the fondling and other harmful acts were
deliberate and in that WILDER took advantage of his position of authority and Plaintiff ANNIE
ELIZABETH WILLIFORD. The course of the harmful acts and the acts of Defendant WILDER
were substantially certain to result in harm and offense.

24.     Defendant WILDER exceeded the level of force necessary to enforce compliance
with lawful commands and acted in bad faith and with malicious purpose and in a manner
exhibiting wanton and willful disregard of human rights, safety, and property.

25.     All Defendants are persons under applicable law.

26.     Defendant WILDER misused his power, possessed by virtue of state law and
made possible only because Defendant WILDER was clothed with the authority of state law.
The violation of Plaintiff rights, as described above, occurred under color of state law and is
actionable under 42 U.S.C. §1983.

27.     Defendant SHERIFF intentionally furthered WILDER'S ability to sexually
assault Plaintiff and was therefore responsible for the sexual abuse of WILLIFORD or exhibited

5

deliberate indifference in failing to adequately investigate and remedy the complaints and in failing to adequately train, supervise or discipline Defendant WILDER to prevent such harm.

28. The foregoing actions of Defendants SHERIFF and WILDER, were willful, wanton and in reckless disregard of Plaintiff WILLIFORD's rights.

29. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff WILLIFORD sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

30. Based on the willful and malicious conduct of Defendant WILDER, as is set out herein, Plaintiff is entitled to an award of punitive damages against this Defendant sued in his individual capacity.

WHEREFORE, Plaintiff seeks compensatory damages, punitive damages, and attorney's fees against Defendant WILDER, individually, and compensatory damages and attorneys fees against Defendant SHERIFF and any other relief deemed just and proper under the circumstances.

## COUNT II: DENIAL OF EQUAL PROTECTION (14TH AMENDMENT)

41. Plaintiff re-alleges paragraphs 1-19 above, incorporates those allegations in this Count, and further alleges as follows:

42. Defendant WILDER, by the foregoing actions practiced discrimination and harassment against Plaintiff ANNIE WILLIFORD based upon her sex in violation of the Fourteenth Amendment to the U.S. Constitution.

43. All Defendants are persons under applicable law.

6

44. Plaintiff ANNIE ELIZABETH WILLIFORD is a woman and is therefore a member of a protected class within the meaning of applicable law.

45. Defendant WILDER misused his power, possessed by virtue of state law and made possible only because Defendant WILDER was clothed with the authority of state law. The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. §1983.

46. Defendant SHERIFF exhibited deliberate indifference in failing to adequately investigate and remedy the complaints and in retaining but failing to adequately train, supervise or discipline Defendant WILDER to prevent such harm.

47. In promulgating policies which encouraged or permitted the cover-up of such actions by its officers, Defendant SHERIFF contributed to the constitutional violation of Plaintiff ANNIE ELIZABETH WILLIFORD.

48. The foregoing actions of Defendants SHERIFF and WILDER, were willful, wanton and in reckless disregard of Plaintiff WILLIFORD's rights.

49. The disparate treatment, discrimination, and harassment described herein was based on Plaintiff WILLIFORD's sex and she was negatively affected thereby.

50. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff WILLIFORD sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

51. Based on the willful and malicious conduct of Defendant WILDER, as is set out herein, Plaintiff is entitled to a substantial award of punitive damages against Defendant WILDER.

7

WHEREFORE, Plaintiff seeks compensatory damages, punitive damages, and attorney's fees against Defendant WILDER, individually, and compensatory damages and attorneys fees against Defendant SHERIFF, and any other relief deemed just and proper under the circumstances.

## COUNT III: ASSAULT

52.    Plaintiff re-alleges paragraphs 1-19 above, incorporates those allegations in this Count, and further alleges as follows:

53.    Defendant WILDER committed assault against Plaintiff ANNIE ELIZABETH WILLIFORD June 28, 2004 by making her remove her clothes and penetrating her vagina with his finger.

54.    As a direct and proximate result of the above unlawful acts and omissions, Plaintiff WILLIFORD sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages.

55.    Based on the willful and malicious conduct of Defendant WILDER, as is set out herein, Plaintiff is entitled to a substantial award of punitive damages against Defendant WILDER.

WHEREFORE, Plaintiff seeks compensatory damages, punitive damages, and attorney's fees against Defendant WILDER.

## COUNT IV: BATTERY

56.    Plaintiff re-alleges paragraphs 1-19 above, incorporates those allegations in this Count, and further alleges as follows:

8

57.     In penetrating and fondling the body of Plaintiff ANNIE ELIZABETH WILLIFORD on June 28, 2004 Defendant WILDER committed battery against WILLIFORD. In forcibly sexually assaulting Plaintiff ANNIE ELIZABETH WILLIFORD on or about June 28, 2004 Defendant WILDER committed battery against WILLIFORD.

58.     As a direct and proximate result of the above unlawful acts and omissions, Plaintiff WILLIFORD sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages.

59.     Based on the willful and malicious conduct of Defendant WILDER, as is set out herein, Plaintiff is entitled to a substantial award of punitive damages against Defendant WILDER.

WHEREFORE, Plaintiff seeks compensatory damages, punitive damages, and attorney's fees against Defendant WILDER.

## COUNT V: FALSE IMPRISONMENT

60.     Plaintiff re-alleges paragraphs 1-19 above, incorporates those allegations in this Count, and further alleges as follows:

61.     Defendant WILDER committed wrongful actions on or about June 28, 2004, including the physical confinement of Plaintiff in the back seat of the patrol car.

62.     The foregoing actions of WILDER were willful, wanton and in reckless disregard of WILLIFORD's rights.

63.     As a direct and proximate result of the above unlawful acts and omissions, Plaintiff WILLIFORD sustained emotional pain, anguish, humiliation, insult, indignity, loss of

9

self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

64.    Based on the willful and malicious conduct of Defendant WILDER, as is set out herein, Plaintiff is entitled to a substantial award of punitive damages against Defendant WILDER.

WHEREFORE, Plaintiff seeks compensatory damages and punitive damages against Defendant WILDER.

## COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

65.    Plaintiff re-alleges paragraphs 1-19 above, incorporates those allegations in this Count, and further alleges as follows:

66.    Defendant WILDER, by the conduct described herein, including the victimization of a person in Defendant WILDER'S charge, the sexual assault on a helpless person within Defendants' control, constitutes outrageous conduct that would shock the conscience of a reasonable person, and constitutes the actionable tort of intentional infliction of emotional distress.

67.    As a direct and proximate result of the above unlawful acts and omissions, Plaintiff WILLIFORD sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

68.    Based on the willful and malicious conduct of Defendant WILDER, as is set out herein, Plaintiff is entitled to a substantial award of punitive damages against Defendant WILDER.

WHEREFORE, Plaintiff seeks compensatory damages and punitive damages against Defendant WILDER.

### COUNT VII: NEGLIGENT SUPERVISION AND RETENTION

69.    Plaintiff re-alleges paragraphs 1-19 above, incorporates those allegations in this Count, and further alleges as follows:

70.    Defendant SHERIFF breached his duty, as Sheriff, to supervise WILDER in order to prevent and to stop his actions constituting violations of Plaintiff's rights under Florida and federal law.

71.    Defendant SHERIFF knew or should have known of the actions, omissions, and derelictions of WILDER.

72.    Defendant SHERIFF breached his duty to terminate the employment of Defendant WILDER.

73.    As a direct and proximate result of the above unlawful acts and omissions, Plaintiff WILLIFORD sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

WHEREFORE, Plaintiff seeks compensatory damages against Defendants SHERIFF and WILDER.

### COUNT VIII: NEGLIGENT FORMULATION AND ENFORCEMENT OF POLICIES AND PROCEDURES

74.    Plaintiff re-alleges paragraphs 1-19 above, incorporates those allegations in this Count, and further alleges as follows:

11

75. Defendant SHERIFF breached his duty to formulate and promulgate adequate policies and procedures regarding sexual assualt, SHERIFF breached his duty to enforce such other policies and procedures as may have been in place at the times material hereto.

76. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff WILLIFORD sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

WHEREFORE, Plaintiff seeks compensatory damages against Defendant SHERIFF and any other relief deemed just and proper under the circumstances.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. that process issue and this Court take jurisdiction over this case;

B. judgment against the Defendants and for the Plaintiff awarding compensatory damages against Defendants and punitive damages against Defendant WILDER in his individual capacity for the Defendant's violations of law enumerated herein;

C. prejudgment interest on monetary recovery obtained pursuant to federal law;

D. judgment against the Defendants and for the Plaintiff awarding the Plaintiff reasonable attorneys' fees and costs; and

E. such further relief as is equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff demand trial by jury on all issues so triable.

12

Respectfully submitted,

1/12/06

Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801

ATTORNEYS FOR PLAINTIFF

13

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR GADSDEN COUNTY, FLORIDA

ANNIE ELIZABETH WILLIFORD,

     Plaintiff,

v.                                  CASE NO.: 06-60-CAA

MORRIS YOUNG, in his official capacity as
Sheriff of Gadsden County, Florida; and
ROBERT WILDER, individually and in his
official capacity as Deputy Sheriff of Gadsden
County, Florida,

     Defendants.
_____/

## NOTICE OF APPEARANCE

**COMES NOW**, Keith C. Tischler, Attorney at Law, and hereby gives notice to the

Court and all parties that he shall appear as counsel of record on behalf of Sheriff

Morris Young, and respectfully requests that all pleadings, notices, etc., filed be

provided to the undersigned.

                                Respectfully submitted:

                                KEITH C. TISCHLER
                                Florida Bar No. 0334081
                                JOLLY & PETERSON, P.A.
                                Post Office Box 37400
                                Tallahassee, Florida 32315
                                Tel:   (850) 422-0282
                                Fax:   (850) 422-1913

                                *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was furnished to Marie Mattox, 310 E. Bradford Road, Tallahassee, Florida 32303, by U.S. Mail this 21st _____ day of February, 2006.

KEITH C. TISCHLER