UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANNE ELIZABETH WILLIFORD,    CASE NO. 4:06cv114-SPM/WCS

    Plaintiff,

vs.

MORRIS YOUNG, IN HIS OFFICIAL
CAPACITY AS SHERIFF OF GADSDEN
COUNTY, FLORIDA, et al.,

    Defendants.
_____/

## AMENDED COMPLAINT

Plaintiff, ANNIE ELIZABETH WILLIFORD, hereby sues Defendants MORRIS YOUNG, in his official capacity as Sheriff of Gadsden County, Florida, and ROBERT WILDER, individually and in his official capacity as Deputy Sheriff of Gadsden County, Florida, and says as follows:

### JURISDICTION

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00).

2. As to the state law counts, notice of the Claim was served in compliance with §768.28, Florida Statutes and all other conditions precedent have been fulfilled.

3. Plaintiff ANNIE ELIZABETH WILLIFORD is a citizen of the United States and a resident of the State of Florida. Plaintiff was a resident of the state of Florida, at all times material hereto.

4. Defendant MORRIS YOUNG is the successor in interest to the former Sheriff of Gadsden County, W.A. WOODHAM. At all times pertinent hereto, the Sheriff of Gadsden

County, Florida was the ultimate policymaker for the Office of Sheriff employees and it employed and/or commissioned Robert Wilder as a Deputy Sheriff. Defendant Thomas is referred to herein as Defendant SHERIFF.

5. Defendant, ROBERT WILDER was at all times relevant hereto, an employee of the Sheriff of Gadsden County, Florida. Defendant WILDER was the Sheriff's authorized deputy on behalf of the county and Sheriff for deputies working for the county. At all times material hereto, Defendants were acting within the course and scope of their employment.

**GENERAL ALLEGATIONS**

6. Plaintiff re-alleges the allegations of paragraphs 1-5 above, incorporates those allegations herein, and further alleges as follows:

7. Plaintiff WILLIFORD was at the time relevant to this complaint under the control of Defendant WILDER of the Gadsden County Sheriff's Office which is commanded by the Sheriff of Gadsden County.

8. Late in the evening on June 27, 2004, Plaintiff WILLIFORD was waiting at the Beaver Lake Burger King for a friend to give her a ride back to her home in Lamont, Florida. At that time and place, Plaintiff was sitting on the road side curb outside the Burger King waiting for her ride when Deputy Brian Faison confronted her and asked for her identification and business being in the parking lot.

9. Plaintiff WILLIFORD complied with Deputy Faison's request for identification and allowed him to search her purse. Deputy Faison concluded that Plaintiff WILLIFORD was not wanted.

10. As Plaintiff WILLIFORD was talking with Deputy Faison, Defendant Sergeant Robert WILDER arrived at the scene. Defendant WILDER and Plaintiff WILLIFORD realized they knew each other from an encounter at the Nuggett Store in Gadsden County approximately

a year before.

11.     Defendant WILDER attempted to use his cellular phone to call Plaintiff WILLIFORD's ride but was not successful.  After waiting with her for approximately fifteen minutes, Defendant WILDER offered to give Plaintiff WILLIFORD a ride to another location in Gadsden County and she accepted a ride to the Flying J Truck Stop.

12.     Plaintiff WILLIFORD was instructed by Defendant WILDER to sit in the rear of the vehicle and she complied.  Once in the back seat, WILLIFORD took a sip of rum from a bottle in her purse and Defendant WILDER told Plaintiff "If you want to be naughty, get naked and drink."  WILDER then repeated this statement to Plaintiff which she understood to be a command.

13.     Plaintiff WILLIFORD was separated from Defendant WILDER by glass and metal divider with a window in the opening of the glass.

14.     Plaintiff WILLIFORD felt intimidated and thus complied and removed her clothes at which time Defendant WILDER began to shine his flashlight at her saying "Let me see."

15.     Defendant WILDER then reached through the opening in the vehicle cage and thrust his finger into Plaintiff WILLIFORD's vagina.  Because of the force and position of WILDER'S hand coming through the glass window from the front seat, Plaintiff WILLIFORD was forced to place her feet in the rear seat of the vehicle and thrust her crotch forward in order to comply with Defendant WILDER's command to allow access her vagina.

16.     Defendant WILDER kept his finger in Plaintiff WILLIFORD's vagina until she complained that her legs were tired and she could no longer hold herself up to the window.  Plaintiff at no time consented to being touched by WILDER.

17.     On June 28, 2004, Plaintiff reported the incident to the Jefferson County Sheriff's

Office and then to Defendant SHERIFF, who took no effective action to discipline or otherwise restrain Defendant WILDER. In failing to take effective action, the Sheriff indicated a deliberate disregard for the safety and well-being of Plaintiff WILLIFORD or any other young woman who might fall under Defendant WILDER's control. Specifically, SHERIFF failed to implement procedures for safe transportation of citizens vulnerable to sexual abuse and failed to implement or promulgate policies for training, reporting, or discipline relating to sexual aggression.

18. The policies of Defendant SHERIFF contributed to the sexual assault of Plaintiff WILLIFORD by failure to enact policies that held law enforcement officers accountable for their actions, by failing to require officers to report and document movements of transportees, and by failing to enact and enforce policies that respond to complaints of sexual assault made by a citizen.

19. Plaintiff has retained the undersigned to represent her interests in this case and is obligated to pay her a reasonable fee for her services. Defendants should be made to pay any fees and costs incurred by Plaintiff under 42 U.S.C. §1988.

### COUNT I: EXCESSIVE FORCE (FOURTH AMENDMENT)

20. Plaintiff re-alleges paragraphs 1-19 above, incorporates those allegations in this Count, and further alleges as follows:

21. Defendant WILDER committed sexual assault against Plaintiff ANNIE ELIZABETH WILLIFORD on June 28, 2004, without consent or lawful authority, commanding her to remove her clothing and groping her vagina in violation of the Fourth and Fourteenth Amendments.

22. Defendant WILDER committed battery against Plaintiff ANNIE ELIZABETH WILLIFORD on or about June 28, 2004, without consent or lawful authority, by fondling her

vagina in violation of the Fourth and Fourteenth Amendments.

23.     Defendant WILDER intended to cause this harmful and offensive contact with Plaintiff ANNIE ELIZABETH WILLIFORD in that the fondling and other harmful acts were deliberate and in that WILDER took advantage of his position of authority and Plaintiff ANNIE ELIZABETH WILLIFORD. The course of the harmful acts and the acts of Defendant WILDER were substantially certain to result in harm and offense.

24.     Defendant WILDER exceeded the level of force necessary to enforce compliance with lawful commands and acted in bad faith and with malicious purpose and in a manner exhibiting wanton and willful disregard of human rights, safety, and property.

25.     All Defendants are persons under applicable law.

26.     Defendant WILDER misused his power, possessed by virtue of state law and made possible only because Defendant WILDER was clothed with the authority of state law. The violation of Plaintiff rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. §1983.

27.     Defendant SHERIFF intentionally furthered WILDER'S ability to sexually assault Plaintiff and was therefore responsible for the sexual abuse of WILLIFORD or exhibited deliberate indifference in failing to adequately investigate and remedy the complaints and in failing to adequately train, supervise or discipline Defendant WILDER to prevent such harm.

28.     The foregoing actions of Defendants SHERIFF and WILDER, were willful, wanton and in reckless disregard of Plaintiff WILLIFORD's rights.

29.     As a direct and proximate result of the above unlawful acts and omissions, Plaintiff WILLIFORD sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

30. Based on the willful and malicious conduct of Defendant WILDER, as is set out herein, Plaintiff is entitled to an award of punitive damages against this Defendant sued in his individual capacity.

WHEREFORE, Plaintiff seeks compensatory damages, punitive damages, and attorney's fees against Defendant WILDER, individually, and compensatory damages and attorneys fees against Defendant SHERIFF and any other relief deemed just and proper under the circumstances.

### COUNT II: DENIAL OF EQUAL PROTECTION (14TH AMENDMENT)

31. Plaintiff re-alleges paragraphs 1-19 above, incorporates those allegations in this Count, and further alleges as follows:

32. Defendant WILDER, by the foregoing actions practiced discrimination and harassment against Plaintiff ANNIE WILLIFORD based upon her sex in violation of the Fourteenth Amendment to the U.S. Constitution.

33. All Defendants are persons under applicable law.

34. Plaintiff ANNIE ELIZABETH WILLIFORD is a woman and is therefore a member of a protected class within the meaning of applicable law.

35. Defendant WILDER misused his power, possessed by virtue of state law and made possible only because Defendant WILDER was clothed with the authority of state law. The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. §1983.

36. Defendant SHERIFF exhibited deliberate indifference in failing to adequately investigate and remedy the complaints and in retaining but failing to adequately train, supervise or discipline Defendant WILDER to prevent such harm.

37. In promulgating policies which encouraged or permitted the cover-up of such actions

by its officers, Defendant SHERIFF contributed to the constitutional violation of Plaintiff ANNIE ELIZABETH WILLIFORD.

38. The foregoing actions of Defendants SHERIFF and WILDER, were willful, wanton and in reckless disregard of Plaintiff WILLIFORD's rights.

39. The disparate treatment, discrimination, and harassment described herein was based on Plaintiff WILLIFORD's sex and she was negatively affected thereby.

40. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff WILLIFORD sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

41. Based on the willful and malicious conduct of Defendant WILDER, as is set out herein, Plaintiff is entitled to a substantial award of punitive damages against Defendant WILDER.

WHEREFORE, Plaintiff seeks compensatory damages, punitive damages, and attorney's fees against Defendant WILDER, individually, and compensatory damages and attorneys fees against Defendant SHERIFF, and any other relief deemed just and proper under the circumstances.

**COUNT III: ASSAULT**

42. Plaintiff re-alleges paragraphs 1-19 above, incorporates those allegations in this Count, and further alleges as follows:

43. Defendant WILDER committed assault against Plaintiff ANNIE ELIZABETH WILLIFORD June 28, 2004 by making her remove her clothes and penetrating her vagina with his finger.

44. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff WILLIFORD sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory

damages.

45. Based on the willful and malicious conduct of Defendant WILDER, as is set out herein, Plaintiff is entitled to a substantial award of punitive damages against Defendant WILDER.

WHEREFORE, Plaintiff seeks compensatory damages, punitive damages, and attorney's fees against Defendant WILDER, and any other relief deemed just and proper under the circumstances.

### COUNT IV: BATTERY

46. Plaintiff re-alleges paragraphs 1-19 above, incorporates those allegations in this Count, and further alleges as follows:

47. In penetrating and fondling the body of Plaintiff ANNIE ELIZABETH WILLIFORD on June 28, 2004 Defendant WILDER committed battery against WILLIFORD.
In forcibly sexually assaulting Plaintiff ANNIE ELIZABETH WILLIFORD on or about June 28, 2004 Defendant WILDER committed battery against WILLIFORD.

48. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff WILLIFORD sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages.

49. Based on the willful and malicious conduct of Defendant WILDER, as is set out herein, Plaintiff is entitled to a substantial award of punitive damages against Defendant WILDER.

WHEREFORE, Plaintiff seeks compensatory damages, punitive damages, and attorney's fees against Defendant WILDER, and any other relief deemed just and proper under the circumstances.

### COUNT V: FALSE IMPRISONMENT

50. Plaintiff re-alleges paragraphs 1-19 above, incorporates those allegations in this

Count, and further alleges as follows:

51. Defendant WILDER committed wrongful actions on or about June 28, 2004, including the physical confinement of Plaintiff in the back seat of the patrol car.

52. The foregoing actions of WILDER were willful, wanton and in reckless disregard of WILLIFORD's rights.

53. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff WILLIFORD sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

54. Based on the willful and malicious conduct of Defendant WILDER, as is set out herein, Plaintiff is entitled to a substantial award of punitive damages against Defendant WILDER.

WHEREFORE, Plaintiff seeks compensatory damages and punitive damages against Defendant WILDER, and any other relief deemed just and proper under the circumstances.

## COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

55. Plaintiff re-alleges paragraphs 1-19 above, incorporates those allegations in this Count, and further alleges as follows:

56. Defendant WILDER, by the conduct described herein, including the victimization of a person in Defendant WILDER'S charge, the sexual assault on a helpless person within Defendants' control, constitutes outrageous conduct that would shock the conscience of a reasonable person, and constitutes the actionable tort of intentional infliction of emotional distress.

57. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff WILLIFORD sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

58. Based on the willful and malicious conduct of Defendant WILDER, as is set out herein, Plaintiff is entitled to a substantial award of punitive damages against Defendant WILDER.

WHEREFORE, Plaintiff seeks compensatory damages and punitive damages against Defendant WILDER, and any other relief deemed just and proper under the circumstances.

### COUNT VII: NEGLIGENCE

59. Plaintiff re-alleges paragraphs 1-19 above, incorporates those allegations in this Count, and further alleges as follows:

60. Defendant SHERIFF owed a duty of care to Plaintiff due to Plaintiff being sufficiently restrained of her liberty and freedom to leave by Defendant, which placed her in the custody of Defendant. Once Plaintiff was retrained of her liberty, she was in the foreseeable zone of risk and a duty of care arose. Alternative, because of the nature of the retraint and the subsequent custodial relationship between Plaintiff and the Defendant SHERIFF, Defendant had a special relationship with Plaintiff and, consequently, a duty of care was attendant thereto.

61. Defendant SHERIFF breached his duty of care to Plaintiff and/or a duty to protect Plaintiff from the injuries caused by WILDER.

62. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff WILLIFORD sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

WHEREFORE, Plaintiff seeks compensatory damages against Defendant SHERIFF and any other relief deemed just and proper under the circumstances.

### COUNT VIII: NEGLIGENT ENFORCEMENT OF POLICIES AND PROCEDURES

63. Plaintiff re-alleges paragraphs 1-19 above, incorporates those allegations in this Count, and further alleges as follows:

64. Defendant SHERIFF has a duty to enforce existing policies and procedures to protect Plaintiff from the injuries caused by WILDER. This duty arises from the fact that Plaintiff was detained by Wilder and in custody at the time of the injuries alleged herein. This duty arose because of the special relationship between Defendant SHERIFF and Plaintiff and/or because the injuries were within a foreseeable zone of risk created when Wilder stopped and detained Plaintiff. Once Plaintiff was restrained of her liberty, she was in the foreseeable zone of risk and a duty of care arose. Alternative, because of the nature of the restraint and the subsequent custodial relationship between Plaintiff and the Defendant SHERIFF, Defendant had a special relationship with Plaintiff and, consequently, a duty to enforce existing policies and procedures to prevent the types of injuries to Plaintiff herein.

65. Defendant SHERIFF breached his duty to properly enforce such policies and procedures pertaining to the acts committed by Defendant WILDER against Plaintiff that were in place at the times material hereto.

66. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff WILLIFORD sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

WHEREFORE, Plaintiff seeks compensatory damages against Defendant SHERIFF and any other relief deemed just and proper under the circumstances.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A. that process issue and this Court take jurisdiction over this case;

B. judgment against the Defendants and for the Plaintiff awarding compensatory damages against Defendants and punitive damages against Defendant WILDER in his individual

capacity for the Defendant's violations of law enumerated herein;

      C.    prejudgment interest on monetary recovery obtained pursuant to federal law;

      D.    judgment against the Defendants and for the Plaintiff awarding the Plaintiff reasonable attorneys' fees and costs; and

      E.    such further relief as is equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff demand trial by jury on all issues so triable.

                Respectfully submitted,

                _____
                Marie A. Mattox [FBN 0739685]
                MARIE A. MATTOX, P.A.
                310 East Bradford Road
                Tallahassee, FL 32303
                Telephone: (850) 383-4800
                Facsimile: (850) 383-4801

                ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been served upon the attorneys identified below by CM/ECF this 31st day of March, 2006:

Timothy M. Warner
WARNER LAW FIRM
Post Office Box 1820
Panama City, FL 32401

Keith C. Tischler
JOLLY & PETERSON, P. A.
Post Office Box 37400
Tallahassee, FL 32315

                /s/ Marie A. Mattox
                Marie A. Mattox