**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**

ANNIE ELIZABETH WILLIFORD,

    Plaintiff,

v.                                            CASE NO.:**4:06-cv-00114-SPM-WCS**

MORRIS YOUNG, in his official capacity as
Sheriff of Gadsden County, Florida; and
ROBERT WILDER, individually and in his
official capacity as Deputy Sheriff of Gadsden
County, Florida,

    Defendants.

_____/

**MOTION TO DISMISS OF DEFENDANT SHERIFF MORRIS YOUNG AS TO COUNT VIII OF AMENDED COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW**

Defendant, MORRIS YOUNG, in his official capacity as Sheriff of Gadsden County, Florida, moves for dismissal of Count VIII of Plaintiff's Amended Complaint as to him and in support thereof would show:

**STATE LAW CLAIM AGAINST SHERIFF OF GADSDEN COUNTY (COUNT VIII)**

Plaintiff's claim set forth in Count VIII of the complaint is barred under Florida law as a result of the absence of any duty owed to the Plaintiff.

Plaintiff in this case alleges that she was sexually assaulted by a deputy sheriff employed by the Defendant Sheriff of Gadsden County. Plaintiff alleges that the Sheriff failed supervise the individual deputy sheriff in a manner that would prevent or stop his actions, although Plaintiff alleges no facts in support of this claim or any facts describing how the individual deputy sheriff was supervised or how that supervision was inadequate. Similarly, in Count VIII Plaintiff alleges the Sheriff failed to enforce his policies or

procedures to protect the Plaintiff from assault or battery, without alleging any facts in support of this claim or any facts describing what policies or procedures were violated. Considering that sexual assault is a crime and deputy sheriffs, as any other citizen, should be expected to not violate the criminal statutes in this regard, it is difficult to envision what more a law enforcement agency should be expected to do.  Regardless, Plaintiff's claims in these counts fail to state a cause of action under Florida law in Count VIII of the Amended Complaint as a result of the failure to allege a duty recognized under Florida law.

For Plaintiff to have an actionable negligence claim against a government entity there must be a common law or statutory duty regarding the alleged negligent conduct. See, Hinckley v. Palm Beach County Bd. of Comm'rs, 801 So. 2d 193, 194-95 (Fla. 4th DCA 2001).  Plaintiff alleges a duty to enforce existing policies as the basis for that duty. Plaintiff does not allege a violation of or a failure to enforce and Florida Statute as a basis for the creation of the duty of care.  Paragraphs 64 and 65 assert only "a duty to enforce existing policies and procedures" and "a duty to properly enforce such policies and procedures."  No other duty of care is alleged other than the allegation of a special relationship that is identical to the allegations found in Count VII.  As such, Count VIII clearly attempts to allege a duty of care premised upon the failure to enforce the Sheriff's internal policies and procedures that is different from the special relationship duty alleged in Count VII.

However, the Florida Supreme Court has definitively determined the issue of the extent to which internal policies or procedures of a governmental agency create duty of care.  In Pollock v. Florida Department of Highway Patrol, 882 So.2d 928 (Fla. 2004), the Florida Supreme Court concluded that although a statute may create a duty of care, no

similar duty of care is created by the internal policies of a governmental agency. The court stated at pages 937 - 938:

> We further conclude that FHP's internal operating procedures and policies did not impose a duty to dispatch officers to the scene of the stalled tractor-trailer. On this issue, we approve the reasoned analysis of the district court which concludes that, in the context of governmental tort litigation, written agency protocols, procedures, and manuals do not create an independent duty of care. See *Pollack, 745 So. 2d at 450*. While a written policy or manual may be instructive in determining whether the alleged tortfeasor acted negligently in fulfilling an independently established duty of care, it does not itself establish such a legal duty vis-a-vis individual members of the public. *Accord*, *Alderman, 493 So. 2d at 497-98* (holding that FHP regulation requiring officers to report damaged road signs did not impose a duty to report damaged signs, repair them, or warn motorists of the potential dangers); see also *Mayo v. Publix Super Markets, Inc., 686 So. 2d 801, 802 (Fla. 4th DCA 1997)* (holding that a company's internal safety policies may serve as evidence relevant to standard of care but do not themselves establish that standard); *Gunlock v. Gill Hotels Co., Inc., 622 So. 2d 163, 164 (Fla 4th DCA 1993)* (same with regard to company policy); *Metro. Dade County v. Zapata, 601 So. 2d 239, 243-44 (Fla. 3d DCA 1992)* (same with regard to rules governing conduct of county lifeguards). This principle applies, unless, of course, the sovereign adopts such protocols and procedures as standards of conduct, in which case there would exist an independent duty of care. See *City of Jacksonville v. DeRay, 418 So. 2d 1035, 1036-37 (Fla. 1st DCA 1982)* (affirming final judgment against the City for its failure to follow the protocols provided for in the traffic control devices manual which the City had adopted as the standard for signalization and street markings); *State Dep't of Transp. v. Cooper, 408 So. 2d 781 (Fla. 2d DCA 1982)* (same).

The Florida court could not have issued a more direct and definitive statement of the law on this issue, a statement of law Plaintiff and her attorney have chosen to ignore.[1]

This decision of the Florida Supreme Court clearly and definitively bars Plaintiff's

---

[1] Undersigned counsel for Defendant, when conferring with regard to consenting to leave to amend, specifically advised Plaintiff's attorney of this case and that it barred the claim Plaintiff planned to set forth in Count VIII of the complaint. Plaintiff's attorney disregarded this effort on the part of undersigned counsel to apprise Plaintiff of the law in this regard and to obviate the need for this motion. As such, undersigned counsel will be seeking an award of attorney's fees pursuant to Rule 11, Federal Rules of Civil Procedure after compliance with the notice and service requirements of that Rule.

negligence claim in Count VIII that is expressly premised upon a duty of care created by internal policies and procedures of the Defendant Sheriff.

WHEREFORE, Defendant Morris Young, Sheriff of Gadsden County, Florida, moves for the dismissal of Plaintiff's state law claims as to him found in Count VIII, and for such other relief as is appropriate, including, but not limited to, an award of attorney's fees and costs.

Respectfully submitted on this 10th day of April 2006.

s/ Keith C. Tischler
KEITH C. TISCHLER
Florida Bar No. 0334081
JOLLY & PETERSON, P.A.
Post Office Box 37400
Tallahassee, Florida 32315
Tel: (850) 422-0282
Fax: (850) 422-1913

**Attorney for Defendant Sheriff**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered by: U.S. Mail to MARIE A. MATTOX, 310 East Bradford Road, Tallahassee, Florida 32303 and TIMOTHY M. WARNER, P.O. Box 1820 Avenue, Panama City, FL 32402 this 10th day of April 2006.

/s/ KEITH C. TISCHLER
KEITH C. TISCHLER